UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

PAUL GROSSMAN,

          Plaintiff,

       -against-                         12 CV 1679

CRISTINA L. ALFAR, TRUDITH SMOKE, and       **OPINION**
HUNTER COLLEGE OF THE CITY
UNIVERSITY OF NEW YORK,

          Defendants.

------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

       In this lawsuit, the defendant The City University of New York ("CUNY") was sued by Paul Grossman, an adjunct professor in the English Department after CUNY refused his reappointment. The Assistant Attorney General of the State of New York ("AAG") in charge of the matter concluded that an offer of judgment was the proper course to follow and that it would save time and money and offered $100,001 (one hundred thousand and one cent) and said offer was made pursuant to Rule 68 FRCP. The offer was accepted and so ordered on November 8, 2012. The offer provided for reasonable attorneys fees and costs but provided that those fees and costs would be "... solely for services performed by current counsel of record accrued in this action through the date of this offer". The plaintiff was represented by Oberdier Ressmeyer LLP, a two person firm that seeks a total of $159,075 for attorneys fees and $2,970.31 in costs and post judgment interest. Further, they seek $33,000 for this application. The latter is rejected on the basis of the clear and unequivocal terms spelled out in the offer of judgment. As to the balance of the fees and costs sought, the Attorney General lodges a variety of objections including that the hours billed were

grossly excessive, the hourly rates are unreasonable, that the quarter hour billing and block billing is unacceptable and should be rejected. To support their excessive hours claim the AAG alleges that much of the work charged for at least by Ms. Ressmeyer was akin to clerical work that could and should have been performed by paralegals or similar lower paid staff. Happily, the lodestar method of calculating attorney fees is no longer in vogue and the District Court may fashion a fee award simply by finding a reasonable hourly rate and multiplying it by those hours that were reasonably necessary to perform the assigned tasks. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F. 3rd 182, 189-90 (2d Cir.2008). It is that effort upon which I briefly embark.

As I understand it from a review of not only the briefs but anything else that I could find in the file. Much of the work that was done in the case entailed the drafting of the complaint for which plaintiffs counsel billed 151.1 hours through January 19, 2012, consists of 48 ½ hours for Oberdier and 102.6 hours for Ressmeyer. It is worth noting that Ressmeyer while the name partner in this two person firm has only recently emerged from three years of clerkship and has no significant track record as a litigator while Oberdier is well qualified with many years of experience at the Bar. While I understand that this is a long complaint I find it difficult to conclude that it should have taken this much time. My other concern on this score focuses on the time spent preparing for the mediation and which came to 52 hours. Together they account for just under half the total time charges.

Turning to the application for costs, the plaintiff seeks $2,970.01. I share the AAG's view that meals and local carfare should not be on his tab. As a consequence I am deducting the local carfare of $427.76 and meals for $432.19. The balance is reasonable.

Overall, the bulk of the hours were amassed by Ressmeyer and amount to 315.32 at her rate of $275 per hour. Looking at her time and charges in toto and the time charged for the complaint and mediation preparation in particular, coupled with her experience or lack thereof I have reduced her time by 25% but the $275 per hour seems reasonable. Oberdier who charges $500 per hour for his time, spent 131 hours 25 minutes and while his hourly rate seems perfectly reasonable to me, I do think that the time spent was in part at least at tasks that could have been performed by a less skillful attorney and for that reason reduce his hours by 20%.

There are other objections made by the Attorney General including, but not limited to, the way in which the time records were kept, the method used by the firm is again well within reasonable standards.

## CONCLUSION

With some rounding the reasonable amount of attorneys fees is $110,675.00 and the reasonable amount of costs is $2,110.00 for a total due and owing to plaintiff's attorney of $112,785.00 plus pre judgment interest to the date of this decision.

Dated: New York  
May 17, 2013

_____  
Hon. Harold Baer, Jr., USDJ